HIRAM M. THOMAS *vs.* ADAMS EXPRESS COMPANY.

*Application to Superior Court in New Castle County to Open Judgment Entered in Kent County.*

1. The Superior Court sitting in New Castle County will not entertain jurisdiction of a judgment entered by the Superior Court sitting in Kent County.

2. Section 3, Chapter 102, Revised Code, does not authorize such judgments to be taken off upon application to the Superior Court sitting in any other county than the one in which the judgment was entered.

3. The constitution and jurisdiction of the several courts under the Constitution of 1897, defined.

(*December 11, 1897.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.
*Arley B. Magee* for the rule.
*John D. Hawkins* contra.

Superior Court, New Castle County, November Term, 1897.
A rule was issued (Spruance, J., dissenting,) at this term to show cause why a judgment entered by default in Kent County against the defendant company should not be opened and the defendant permitted to appear. At the hearing upon the rule, Mr.

Magee contended that the terms of the statute (Revised Code, Chapter 102, Page 776,)—permitting the defendant " at or before the next term after such judgment, by affidavit to deny notice, or knowledge of such suit before the judgment was rendered, and to allege that there is a just and legal defense to the action, etc., such judgment should be taken off and the defendant be permitted to appear,"—indicated that the intention of the statute was to give the party the right to present his petition to the Court sitting in either New Castle or Sussex County, otherwise the petition could not be presented at all before the next term of court in the county in which the judgment was obtained; that being so, the defendant should not be forced into equity to seek his rights there; and that the Constitution of 1897, Article 4, Section 19, would also indicate that the defendant had such a right.

*Mr. Hawkins* moved that the rule be discharged, for the reason that the suit was of an entirely local character. That "at or before the next term" means in this instance simply at or before the·next term of the court in which the suit was brought. That if the Court should rule otherwise it would result in confusion and uncertainty, and would practically make the Superior Court in one county a Court of Appeals to determine the validity of judgments rendered by the Superior Court of another county. A *scire facias* issued on a mortgage in Kent County from New Castle County would be just as reasonable as the granting of the application before the Court. That if the Court could take cognizance of this matter here, then a writ issued from Kent County might be returned to this Court at anytime, for they are returnable at the next term.

LORE, C. J:—The Court have considered this matter. I have been looking at it with some degree of interest since the application was made and the rule granted. Judge Spruance was clearly of the opinion when the application was made that we ought not to grant the rule. The majority of the Court thought the rule ought to be granted, and that the parties ought at least to have a hearing, because there has been some confusion, which grew out of what appeared to be some divergence of views among the Court in *Knight & Kennedy vs. Ferris, (6th Houston, 316)*, where

it has been claimed that some members of the Court entertained the view (although it does not formally appear from the adjudication) that it was the same Court sitting in different counties. The whole question there turned upon its being a local action; yet indirectly it involved that question as well. I know that Chief Justice Comegys had very liberal views about the right of the Superior Court and as to its being the same Court sitting in the different counties.

The majority of this Court therefore desired to hear argument upon this matter, or at least not to turn the parties out without a hearing.

After consideration of the matter, we think that this rule should be discharged. This is a suit brought in Kent County. Judgment was had by default and the amount ascertained by a jury. Now it is a judgment of a Court sitting in Kent County. Then it is exclusively a matter that is in that county and which in no way relates to New Castle County.

While sitting in Kent County we may issue process or any other thing into any other part of the State, in order to bring any person or thing before the Court necessary to a proper adjudication. But when we have assumed jurisdiction and proceeded to judgment in that county, we think all subsequent proceedings should be taken there.

While this statute does say that "if the defendant shall at or before the next term after such judgment, by affidavit deny notice, or knowledge, of such suit before the judgment was rendered, and shall allege that there is a just or legal defense to the action, or some part thereof, such judgment shall be taken off and he shall be permitted to appear," and while that seems to contemplate that the judgment shall be taken off at any time before the next term of court, it does not say it shall be taken off by the Court sitting in either of the other counties. It merely gives him until the first day of the next term of Court in that county to take it off, and it can only be taken off by the Court itself.

The defendant is not deprived of his remedy. He may go into equity and restrain, perhaps on the ground that he has pos-

sibly no other remedy, until he could be heard before the Court. That, however, is not for us to determine here.

We think·that this being a judgment of the Court of Kent County, that all proceedings in relation to it must be initiated and prosecuted in that Court. That was practically the view of the Chancellor in the case of *Knight & Kennedy vs. Ferris*, and his' seems to have been the only decision delivered in that case with the exception of Judge Wootten's, which does not touch the point raised in this case.

The Bar generally will remember that as being a very hotly contested case. In his opinion the Chancellor says: ''The Superior Court may therefore be said to be, in fact, for most purposes, a county court. The reason why the Statute, Chapter 91, of the Code, provides for the sessions of the courts in each of the counties was doubtless two-fold; first, public convenience, and secondly, because many subjects of adjudication, or rather things in respect to which adjudication in the courts might be necessary, were necessarily local in their character, and all contention in the courts in respect to such matters must necessarily be local and be determined in the county in which the controversy for determination arose.''

While that does not cover expressly the point, it indicates most clearly that where a matter is determined and ascertained in the court so as to become local to that court and a judgment of that court, the court in another county ought not to interfere with it.

Whether or not the courts in the several counties are entirely independent courts, as if one were here and the other in England, for instance, is questionable. I am not prepared to go to that extent inasmuch as it is the Superior Court of the State of Delaware sitting in each county, for such county, by express provisions of constitution and law. But I am prepared to say that when the Court in one county has assumed jurisdiction and reduced the claim to judgment, then all proceedings in relation to that matter must be initiated and determined in that county.

We therefore order the rule discharged.

SPRUANCE, J:—This is a subject of some importance. The

fact that a majority of the Court thought proper to grant this rule, would seem to indicate that there was some doubt upon the subject. I thought that the rule ought not to be granted because there was not a *prima facie* case shown by the papers filed.

There seems to be an idea in the minds of some that the jurisdiction of the courts in the several counties under the new Constitution is different from what it was under the old Constitution. I think a very slight examination will satisfy any candid mind that this is a mistake; for the provisions of both instruments, respecting all subjects bearing upon this question, are substantially the same.

If that be so, it cannot be said that there is nothing in the practice of the courts against this application.

During the sixty-five years the old Constitution was in force there never was, so far as is known, an application to a court in one county to set aside a judgment of a court in another county.

In such a case the absence of precedent is precedent; and if the conditions be the same under the new Constitution, the silent concurrence of the Bench and Bar under the old Constitution should not be lightly disregarded.

Is there any difference in the power of the courts, so far as this subject is concerned, under the new Constitution and the old?

It has been claimed that under the new Constitution the Courts are more blended than under the old. This contention is made under the following clause of Section 5, Article 4, of the new Constitution—"The Chief Justice and the four Associate Judges shall compose the Superior Court, the Court of General Sessions and the Court of Oyer and Terminer, as hereinafter prescribed."

The old Constitution, after naming the Courts of the State, provides by Section 2 of Article 6 as follows: "To compose the said Courts there shall be five Judges in the State. One of them shall be Chancellor * * * The other four shall compose the Superior Court, the Court of Oyer and Terminer, and the Court of General Sessions of the Peace and Jail Delivery, as hereinafter prescribed."

Under the old Constitution no more than three of the four

Judges could sit together in the Superior Court; and under the new Constitution no more than three of the five Judges can sit together in the Superior Court. The old Constitution designated those of the four Judges who should sit in the respective counties; the new Constitution, Section 5, Article 4, provides that "the said five Judges shall designate those of their number who shall hold the said Courts in the several counties."

When under the new Constitution a court is held by the Judges designated by the five Judges, it is as independent of control by other courts as was a court held by the Judges designated by the old Constitution.

It was insisted in this argument that the provisions of Section 19 of Article 4 of the present Constitution justifies this application, viz: "The jurisdiction of each of the aforesaid courts shall be co-extensive with the State. Process may be issued out of each court, in either county, into every county."

But it will be observed that this is precisely the language of Section 11 of Article 6 of the old Constitution, and that the interpretation of it now claimed was never before made.

This application to set aside a judgment of the Superior Court of Kent County, rendered at the last October term, is made under Section 3 of Chapter 102, Revised Code, 775, which requires that the application be made "at or before the next term after such judgment."

It is contended that this means that the application must, or at least may be made at the next term of the Superior Court wherever held. If this construction be true, the application cannot be made at the April term, which will be the next term of the court in Kent County after the rendition of the judgment, as there will have intervened several terms of the Superior Court in the other counties, viz: the November and February terms in New Castle and the April term in Sussex. It is therefore clear that "the next term" in the statute means the next term of the court in the county where the judgment was rendered.

The same is true of Section 1 of the same Chapter, which provides that a writ for the commencement of an action shall be returnable "on the first day of the term next thereafter."

This of course means the next term of the court in the

county out of which the writ issues; otherwise writs issued out of the court in Kent after the beginning of the October term would be returnable to the November term in New Castle.

If the question here raised was not settled, as it is, by the Constitution and Statute law, considerations of county would be sufficient to justify this Court in refusing to attempt to open a judgment of the Superior Court in another county. It is a well recognized rule of the courts, in the absence of express provisions of law to the contrary, that the court which first assumes jurisdiction of a subject retains it to the end.

The greatest inconvenience and confusion would ensue if the Superior Court in the respective counties should undertake to exercise appellate or supervisory powers over the Superior Courts in the other counties.

If the power exists to set aside a judgment in such a case as this, there is no limit to the exercise of the power.

Under the Constitution and Laws of this State there is no such power.

Over the judgments and determinations of the Superior Courts in the several counties the Constitution and Laws of this State give supervisory power to the Supreme Court alone, except in cases within the jurisdiction of the Court of Chancery.

Rule discharged.